Peter J. BRENNAN, Secretary of Labor,
United States Department of Labor,
Plaintiff,

v.

INDUSTRIAL AMERICA CORPORA·
TION and Central Service Corpora-
tion, Defendants.

No. 73–319–Orl–Civ–R.

United States District Court,
M. D. Florida,
Orlando Division.

March 13, 1974.

William J. Kilberg, Solicitor of Labor,
Beverley R. Worrell, Regional Solicitor,
Edwin G. Salyers, Atty., U. S. Depart-
ment of Labor, Atlanta, Ga., for plain-
tiff.

Norman F. Burke, van den Berg, Gay,
Burke & Dyer, Orlando, Fla., for defend-
ants.

## OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

REED, District Judge.

This is an action to enjoin the defend-
ant Central Service Corporation from
withholding payment of the minimum
wages under the Fair Labor Standards
Act and from violating the overtime and
record keeping provisions of the Act.
The legal issue presented to the Court
by cross motions for summary judgment
is whether or not that defendant is an

"enterprise engaged in commerce or in the production of goods for commerce" as defined in § 203(s) of the Fair Labor Standards Act, 29 U.S.C. § 203(s).

The pertinent facts are reflected by the parties' Pretrial Stipulation. Central Service Corporation, a Florida corporation with its main office in Orlando, Florida, is engaged in the business of garbage and refuse collection in Orange and Seminole Counties, Florida. Throughout the period material to these proceedings, it has had an annual dollar volume of "sales" in excess of $250,000.-00. This revenue was derived solely from payments by customers for removal of garbage and trash.

The defendant Central Service Corporation employs mechanics, garbage truck drivers, garbage pickup men, line supervisors, office clerical employees and management personnel. In this proceeding, the plaintiff contends that the wage violations, if any, are limited to mechanics, garbage truck drivers, garbage pickup men, and line supervisors. Central Service Corporation's employees collect refuse from customers through the use of trucks and manual labor. The refuse so collected by Central Service Corporation is dumped at Government land fill areas. No refuse collected by said defendant is sold.

In conducting its business operations, defendant Central Service Corporation employs an average of four mechanics who daily handle gasoline, motor oil and lubricants in connection with the maintenance and operation of defendant's twenty to twenty-five trucks. These vehicles are used by Central Service Corporation to pick up refuse from its customers and to deposit the refuse so collected in Government land fill storage areas. The gasoline, motor oil and lubricants are purchased monthly from petroleum companies doing business in Tampa, Florida. The gasoline, motor oil and lubricants were originally produced in states other than the State of Florida and shipped into the State of Florida. The gasoline, motor oil and lubricants are used solely by Central Service Corporation and are not resold.

Under the Pretrial Stipulation, paragraph 7 thereof, the legal issue can be further narrowed to whether or not the said gasoline, motor oil and lubricants purchased by the defendant Central Service Corporation for use in its trucks are, when in said defendant's possession, "goods" as defined in Section 203(i) of the Act, 29 U.S.C. § 203(i). (See also p. 2 of plaintiff's Brief in support of its motion.) If this issue is resolved in the affirmative, it follows that Central Service Corporation has employees handling "goods" that have been moved in, or produced for commerce and is, therefore, covered by the minimum wage, overtime, and record keeping provisions of the Fair Labor Standards Act. On the other hand, if the issue is resolved in the negative, the defendant Central Service Corporation is not covered by the Act, and a summary judgment in its favor and that of Industrial America Corporation (whose liability is stipulated to be derivative only) is required.

"Goods" are defined in the Act as: ". . . goods . . ., wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof."

The Government contends that the ultimate consumers of the gasoline, motor oil and lubricants purchased by the defendant Central Service Corporation are, under the facts of this case, the customers whom the defendant serves. On this premise, says the Government, such gasoline, motor oil and lubricants are "goods" in the defendant's possession. While this argument may possibly be supported by the case of Sharp v. Warner Holding Company, D.C.Minn.1972, 70 L.C. ¶32821, the argument involves an erroneous construction of the Act.

Plain and unambiguous language in a statute should be given its ordinary signification, unless the context compels a different conclusion as to the legisla-

tive intent. Brennan v. Greene's Propane Gas Service, Inc., 5th Cir. 1973, 479 F.2d 1027, 1030, n. 10; cf., National Railroad Passenger Corp. v. National Association of Railroad Passengers, 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 decided Jan. 9, 1974. This sound rule of construction is essential to preserve to Congress the law-making function.

█ The statutory language in question provides that goods are no longer "goods" for purposes of the Act " . . . after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." Under the facts stipulated by the parties, the gasoline, motor oil and other lubricants are used solely by the defendant Central Service Corporation which, as between it and its customers, is the last party to have physical possession of these items. For this reason, the clear language of the statute requires the conclusion that the defendant Central Service Corporation is the ultimate consumer of the gas, motor oil and lubricants.

The Government contends that the defendant's customers receive the benefit of the gas, motor oil and lubricants since defendant's rolling stock would not roll without these products. Thus, reasons the Government, the defendant's customers are the ultimate consumers. This conclusion is not justified because the limiting language of Section 203(i) plainly refers to physical consumption, not economic benefit. Additionally, the Government's construction would effectively write out of the Fair Labor Standards Act the limitation on coverage achieved by the insertion into § 203(i) of the words " . . . but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof . . ."

█ The Government also argues that the defendant is a "producer" of the gas, motor oil and lubricants and, therefore, is not entitled to be considered an ultimate consumer under § 203(i). This argument attributes a strained meaning to the term "producer" which is not justified by the Act. Under the facts, the defendant is clearly not a "producer" within the ordinary meaning of that term. Compare Brennan v. Apartment Communities Corporation, D.C.Del.1973, 360 F.Supp. 1255, 1261.

For the foregoing reasons, the Court concludes that the gasoline, motor oil and lubricants in the possession of the defendant Central Service Corporation are not "goods" as defined in § 203(i); there is no genuine issue as to any material fact, and said defendant is entitled to a judgment as a matter of law. It is, therefore,

Ordered that the motion of the defendants Central Service Corporation and Industrial America Corporation for summary judgment is hereby granted, and the plaintiff's motion for summary judgment is hereby denied.

Further ordered that the Clerk shall enter judgment for the said defendants pursuant to Rule 58, Fed.R.Civ.P.